IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK CORNELIUS HOWARD, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-06-3085 |
| NATHANIEL QUARTERMAN, | § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Mark Cornelius Howard, a state inmate proceeding *pro se* and *in forma pauperis*, seeks habeas relief under 28 U.S.C. § 2554. He asserts *ex post facto* and due process challenges to an amended administrative rule governing the frequency of state parole eligibility reviews. Federal courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. After reviewing the petition and the applicable law, the Court will deny habeas relief and dismiss this petition with prejudice.

### I.   BACKGROUND AND CLAIMS

Howard was convicted of four counts of robbery and aggravated robbery with a deadly weapon in 1990 and sentenced to life imprisonment. He states that at the time of his criminal offenses, Rule 145.12 of the Texas Board of Pardons and Paroles afforded him an annual parole eligibility review. He complains that an amendment to Rule 145.12 in 2004

reduced the frequency of his parole eligibility reviews to only every one to five years. *See* 37 TAC § 145.12. Howard claims that the 2004 amendment constitutes a unlawful *ex post facto* law and violates his right to due process. He requests a declaratory judgment finding the amendment unconstitutional and restoring his right to an annual parole eligibility review.

## II.   ANALYSIS

### A.   Due Process Claim

Howard alleges that the provisions of Rule 145.12 prior to 2004 gave rise to a constitutionally protected expectancy of an annual parole eligibility review. He complains that, by replacing the mandatory annual parole eligibility review provision with one allowing reviews with discretionary frequency between one and five years, the amended rule violates his right to due process.

Howard's claim has no merit. The Fifth Circuit Court of Appeals has determined that Texas inmates have no constitutional expectancy of parole, *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997), and no state-created liberty interest in parole review for purposes of federal due process. *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995). Thus, to the extent Howard argues that he is entitled to the benefit of parole review rules in effect at the time of his criminal offenses, he raises no due process issue of federal constitutional dimension. *See Cruz v. Texas Parole Division*, 87 Fed. Appx. 346 (5th Cir. 2004); *see also Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995).

**B.     *Ex Post Facto* Claim**

Howard also argues that because his criminal offenses were committed in 1989 and 1990, application of the amended 2004 rule to reduce the frequency of his parole eligibility reviews constitutes an *ex post facto* violation by effectively increasing the duration of his punishment. A law need not impair a vested right to violate the *ex post facto* prohibition, and Howard's argument raises an issue of constitutional dimension. *See Allison*, 66 F.3d at 74.

Under amended Rule 145.12, a case reviewed by a parole panel for parole consideration may be:

> (2)    denied a favorable parole action at this time and set for review on a future specific month and year (Set-Off). The next review date (Month/Year) for an offender serving a sentence listed in § 508.149(a), Government Code, may be set at any date after the first anniversary of the date of denial and end before the fifth anniversary of the date of denial.

37 TAC § 145.12. Thus, under this provision, the parole panel may "set-off" a subsequent new review date for a section 508.149(a)[1] inmate for any time between one to five years after denying parole. The parole board rules also provide an inmate denied parole a procedure for reconsideration based on information not previously available to the parole panel. *See* 37 TAC § 145.17, "Action upon Special Review of Information Not Previously Available– Release Denied."

---

[1] "Aggravated robbery" is an offense listed in section 508.149(a) of the Texas Government Code.

3

A change in the law or a rule violates the *ex post facto* prohibition if it changes the punishment and inflicts a greater punishment than what the law provided at the time of the offense. The focus of the *ex post facto* inquiry is not on whether a legislative change produces some ambiguous sort of disadvantage, nor on whether an amendment affects a prisoner's opportunity to take advantage of provisions for early release, but on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable. *California Dep't of Corrections v. Morales*, 514 U.S. 499, 506 n. 3 (1995).

In *Morales*, the Supreme Court declined to find *ex post facto* a state law amendment allowing the parole board to decrease the frequency of parole suitability hearings for inmates convicted of certain offenses. The Court held that, "The amendment creates only the most speculative and attenuated possibility of producing the prohibited effect of increasing the measure of punishment for covered crimes, and such conjectural effects are insufficient under any threshold we might establish under the *Ex Post Facto* Clause." *Morales*, 514 U.S. at 509. It rejected the petitioner's argument that the *Ex Post Facto* Clause forbids any legislative change which has any conceivable risk of affecting a prisoner's punishment or duration of confinement.

Amended Rule 145.12 in the instant case meets squarely the analogous factors of the amended statute examined in and upheld by the Court in *Morales*: it reduces the frequency of Howard's parole eligibility reviews only because he was convicted of one of the more

4

serious offenses listed in section 508.149(a); it affects the timing of subsequent, but not initial, parole eligibility reviews; the Board retains authority to tailor the frequency of Howard's parole eligibility reviews to meet his particular circumstances and is not precluded from affording him annual reviews; and Howard has access to the "special review" provisions of section 145.17. *See Morales*, 514 U.S. at 510-513; 37 TAC § 145.17. Howard's *ex post facto* challenge to amended Rule 145.12 is without merit.

### III. CONCLUSION

The petition for habeas relief is **DENIED** and this case is **DISMISSED WITH PREJUDICE**. Any and all pending motions are **DENIED AS MOOT**. Petitioner has not made a substantial showing of the denial of a constitutional right, and no certificate of appealability will issue.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on this the 16 day of October, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE